JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

AMY GRABER

**(b)** County of Residence of First Listed Plaintiff: BUCKS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Rahul Munshi, Esq., Console Mattiacci Law, 1525 Locust St., Fl. 9, Philadelphia, PA 19102 (215-545-7676)

**DEFENDANTS**

UNIVERSITY OF PENNSYLVANIA & TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA

County of Residence of First Listed Defendant: PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
42 U.S.C. §2000e, et seq.; 43 P.S. §951, et seq.; Phila. Code §9-1101, et seq.; 29 U.S.C. §621, et seq.

Brief description of cause:
Plaintiff was discriminated against based on sex in violation of local, state, and federal law.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** in excess of $75,000

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 01/26/2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Fairless Hills, PA 19030

Address of Defendant: 235 S. 33rd Street, Philadelphia, PA 19104

Place of Accident, Incident or Transaction: Philadelphia, PA

***RELATED CASE, IF ANY:***

Case Number: ____________ Judge: ____________ Date Terminated: ____________

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/26/2024 [signature] *Attorney-at-Law / Pro Se Plaintiff* 307548 *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify):* ____________

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* ____________
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* ____________

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Rahul Munshi, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 01/26/2024 [signature] *Attorney-at-Law / Pro Se Plaintiff* 307548 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| AMY GRABER<br>v.<br>UNIVERISTY OF PENNSYLVANIA; *et al.* | :<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>NO. |
|---|---|---|

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 01/26/2024 | Rahul Munshi | Plaintiff, Amy Graber |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-827-5101 | munshi@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AMY GRABER**<br>**Fairless Hills, PA 19030** | |
| **Plaintiff,** | **CIVIL ACTION NO.** |
| **v.** | |
| **UNIVERSITY OF PENNSYLVANIA**<br>**235 S. 33rd Street**<br>**Philadelphia, PA 19104** | **JURY TRIAL DEMANDED** |
| **and** | |
| **TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA**<br>**235 S. 33rd Street**<br>**Philadelphia, PA 19104** | |
| **Defendants.** | |

**COMPLAINT**

## I. INTRODUCTION

Plaintiff, Amy Graber, brings this employment discrimination action against her former employers, University of Pennsylvania and Trustees of the University of Pennsylvania (collectively, "UPenn" or "Defendants"). In 2022, UPenn failed to promote Plaintiff to the Head Athletic Trainer position, for which she was exceptionally qualified. Instead of selecting Plaintiff, UPenn promoted a substantially younger, male employee who had less supervisory authority and fewer years of service with UPenn than Plaintiff.

Plaintiff was discriminated against because of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"), and the Philadelphia Fair

Practices Ordinance, Phila. Code §9-1101, *et seq*. ("PFPO"). Plaintiff was also discriminated against because of her age in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq*. ("ADEA"), the PHRA, and the PFPO. Plaintiff seeks all damages, including economic loss, compensatory, liquidated, and punitive damages, and all other relief under applicable federal and state law as this Court deems appropriate.

## II. PARTIES

1. Plaintiff, Amy Graber, is a female individual and citizen of the Commonwealth of Pennsylvania.

2. Plaintiff was forty-six (46) years old when her employment with Defendants ended in 2022.

3. UPenn is a private research university based on Philadelphia, Pennsylvania.

4. UPenn is engaged in an industry affecting interstate commerce and regularly does business in Pennsylvania.

5. At all times material hereto, UPenn employed more than twenty (20) individuals.

6. At all times material hereto, Defendants have had integrated operations, have had shared ownership, have had common management, and have had centralized control over their employment matters.

7. At all times material hereto, Defendants have acted as a single employer, joint employers, and/or alter egos. The operations of Defendants are substantively consolidated.

8. At all times material hereto, UPenn has acted as an "employer" within the meaning of the statutes which form the basis of this matter.

9. At all times material hereto, Plaintiff was an "employee" of UPenn within the meaning of the statutes which form the basis of this matter.

10. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's businesses.

## III. JURISDICTION AND VENUE

11. The causes of action which form the basis of this matter arise under Title VII, the ADEA, the PHRA, and the PFPO.

12. The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

13. The District Court has jurisdiction over Count II (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

14. The District Court has supplemental jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. §1367.

15. The District Court has supplemental jurisdiction over Count IV (PFPO) pursuant to 28 U.S.C. §1367.

16. Venue is proper in the District Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this District.

17. On or about September 7, 2022, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), and dual-filed with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein. Attached hereto, incorporated herein and marked as Exhibit 1 is a true and correct copy of the PHRC/EEOC Complaint of Discrimination.

18. On or about November 1, 2023, the EEOC issued to Plaintiff a Notice of Right to Sue. Attached hereto, incorporated herein and marked as Exhibit 2 is a true and correct copy of

that notice.

19. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV. FACTUAL ALLEGATIONS

20. Plaintiff was born in July 1976.

21. Plaintiff has a B.S. in athletic training and a M.Ed. in Sport and Recreation Management from Temple University. She is a member of the National Athletic Trainers Association.

22. She commenced employment with UPenn on or around March 27, 2006.

23. Plaintiff last held the position of Associate Head Athletic Trainer.

24. Plaintiff worked primarily with the women's volleyball, women's basketball, and the swimming, diving, and rowing teams at UPenn.

25. Plaintiff consistently performed her job duties in a highly competent manner and received positive feedback.

26. Plaintiff last reported to Emily Dorman (female, 39[1]), Head Athletic Trainer.

27. In June 2022, Plaintiff received a positive performance evaluation from Dorman.

28. Prior to her resignation of employment in June 2022, Dorman reported to Brian Rudy Fuller (male, 51), Senior Associate Athletic Director.

29. After announcing her resignation, Dorman asked Plaintiff if she was interested in being promoted to the Head Athletic Trainer position that Dorman would be vacating.

30. Plaintiff responded to Dorman that she would be interested in the promotion, and Dorman appeared pleased with Plaintiff's response.

31. On or around June 18, 2022, Plaintiff expressed her interest in being promoted to

[1] Ages contained herein are approximates.

the Head Athletic Trainer position to Fuller.

32. Fuller stated that the position would be posted and that Plaintiff could apply for it.

33. Plaintiff applied for the Head Athletic Trainer position in June 2022.

34. Plaintiff was qualified for the position of Head Athletic Trainer.

35. On or around July 11, 2022, Plaintiff interviewed for the Head Athletic Trainer position with Fuller, Associate Assistant Director Joy DeJesus (female, 50), Women's Gymnastics Head Coach Kirsten Becker (female, 31), and Coach for Strength and Conditioning Cory Walts (male, 39).

36. On July 15, 2022, Plaintiff learned from Fuller that she was not selected for promotion to Head Athletic Trainer, nor was she selected for the second round of interviews for the position.

37. Fuller's stated reason for not promoting Plaintiff was that Defendants were going in a different direction.

38. Fuller further stated that the issues that Plaintiff outlined in her mission statement regarding problems Plaintiff wanted to address within the department were things about which UPenn already had knowledge.

39. Instead of advancing Plaintiff to the second round of interviews, UPenn advanced Head Football Athletic Trainer Anthony Erz (male, 33) and an external candidate, Vick Szwanki (male, 35).

40. Ultimately, UPenn selected Erz for the Head Athletic Trainer position.

41. Plaintiff was more qualified for the position and had longer service time with UPenn than the substantially younger, male candidate who UPenn promoted.

42. Erz has been employed by UPenn since 2015.

43. Further, Plaintiff had broader duties and responsibilities than Erz at the time the decision was made.

44. On or around July 29, 2022, Plaintiff submitted a letter of resignation to Fuller, effective August 12, 2022.

45. Plaintiff resigned from her employment with UPenn because of the sex and/or age discrimination to which she as subjected, including UPenn's failure to promote Plaintiff because of her sex and/or age.

46. Plaintiff's sex was a motivating and/or determinative factor in UPenn's discriminatory treatment of Plaintiff and in UPenn's failure to promote Plaintiff.

47. Plaintiff's age was a motivating and/or determinative factor in UPenn's discriminatory treatment of Plaintiff and in UPenn's failure to promote Plaintiff.

48. As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

49. The conduct of Defendants, as set forth above, was outrageous under the circumstances, was done by and with the knowledge of upper management and warrants the imposition of punitive damages against Defendants.

50. The conduct of Defendants, as set forth above, was willful and intentional.

**COUNT I (TITLE VII)**

51. Plaintiff incorporates herein by reference paragraphs 1 through 50 above, as if set forth herein in their entirety.

52. By committing the foregoing acts of discrimination against Plaintiff on the basis

of Plaintiff's sex, Defendants have violated Title VII.

53. Said violations were willful and intentional and warrant the imposition of punitive damages.

54. As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has suffered the damages and losses set forth herein.

55. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

56. No previous application has been made for the relief requested herein.

**COUNT II (ADEA)**

57. Plaintiff incorporates herein by reference paragraphs 1 through 56 above, as if set forth herein in their entirety.

58. By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated the ADEA.

59. Said violations were willful and warrant the imposition of liquidated damages.

60. As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

61. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

62. No previous application has been made for the relief requested herein.

**COUNT III (PHRA)**

63. Plaintiff incorporates herein by reference paragraphs 1 through 62 above, as if set forth herein in their entirety.

64. Defendants, by committing the foregoing acts of discrimination, have violated the PHRA.

65. As a direct and proximate result of Defendants' violations of the PHRA, Plaintiff has sustained the injuries, damages and losses set forth herein.

66. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory acts unless and until the Court grants the relief requested herein.

67. No previous application has been made for the relief requested herein.

**COUNT IV (PFPO)**

68. Plaintiff incorporates herein by reference paragraphs 1 through 67 above, as if set forth herein in their entirety.

69. Defendants, by committing the foregoing acts of discrimination, have violated the PFPO.

70. Said violations were willful and intentional and warrant the imposition of punitive damages.

71. As a direct and proximate result of Defendants' violations of the PFPO, Plaintiff has sustained the injuries, damages and losses set forth herein.

72. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory acts unless and until the Court grants the relief requested herein.

73. No previous application has been made for the relief requested herein.

**RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff, Amy Graber, and against UPenn. Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

a) declaring the acts and practices complained of herein to be in violation of Title VII;

b) declaring the acts and practices complained of herein to be in violation of the ADEA;

c) declaring the acts and practices complained of herein to be in violation of the PHRA;

d) declaring the acts and practices complained of herein to be in violation of the PFPO;

e) enjoining and permanently restraining the violations alleged herein;

f) entering judgment against Defendants in favor of Plaintiff in an amount to be determined;

g) awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits and earnings capacity which Plaintiff has suffered and will continue to suffer as a result of Defendants' discriminatory and unlawful misconduct;

h) awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures and pain and suffering, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

i) awarding liquidated damages to Plaintiff under the ADEA;

j) awarding punitive damages to Plaintiff under Title VII and the PFPO;

k) awarding Plaintiff such other damages as are appropriate under Title VII, the ADEA,

the PHRA, and the PFPO;

l) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and,

m) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated: January 26, 2024

By: *_/s/ Rahul Munshi_* ______

Rahul Munshi
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
munshi@consolelaw.com
215-545-7676
215-827-5201 (fax)

Attorneys for Plaintiff,
Amy Graber